UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WASTE MANAGEMENT OF LOUISIANA, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 13-6764 |
| JEFFERSON PARISH | SECTION: "G"(5) |

### ORDER

Before the Court is Defendant Jefferson Parish's "Motion for Certification and Motion for Stay Pursuant to 28 U.S.C. § 1292(b)."[1] In the pending motion, Jefferson Parish requests that the Court certify its September 5, 2014 Order,[2] which denied Jefferson Parish's Motion to Dismiss, for interlocutory appeal. Jefferson Parish additionally requests that the Court stay this matter pending the resolution of the appeal. After considering the pending motion, the memorandum in support, the memorandum in opposition, the September 5, 2014 Order, and the applicable law, the motion is granted.

### I. Background

*A. Factual Background*

According to the complaint, on October 9, 1996, Jefferson Parish entered into a "Time Contract to Provide Services to Operate, Manage, and Maintain the Jefferson Parish Sanitary Landfill Site" (the "Landfill Time Contract") with John Sexton Sand and Gravel Corp ("Sexton").[3] In 1998, with the approval of Jefferson Parish, Sexton sold, transferred, and assigned the Landfill

---

[1] Rec. Doc. 35.

[2] Rec. Doc. 30.

[3] Rec. Doc. 1 at ¶ 7.

Time Contract to Plaintiff Waste Management ("Plaintiff").[4] The Landfill Time Contract contains the forum-selection clause at issue in the pending motion.

Pursuant to the Landfill Time Contract, Plaintiff managed the Jefferson Parish Sanitary Landfill (the "Landfill") and the disposal of all solid waste and sewage sludge generated in Jefferson Parish.[5] According the complaint, the Landfill was divided into Phases I, II, IIIA, and IIIB.[6] Under the terms of the contract, Plaintiff received an initial lump sum from Jefferson Parish as well as a "tipping fee" for all wastes disposed of in Phases IIIA and IIIB. In turn, Plaintiff was obligated to pay a royalty on certain wastes to Jefferson Parish.[7] Plaintiff alleges that the term of the Landfill Time Contract was to end when Phases IIIA and IIIB were filled and closed.[8]

According to Plaintiff, on or about May 17, 2012, while the Landfill Time Contract was still in effect, Jefferson Parish and IESI Landfill Corporation ("IESI") entered into a "Contract to Provide Services to Operate, Manage, and Maintain the Jefferson Parish Sanitary Landfill Site" (the "IESI Contract").[9] The IESI Contract called for IESI to develop a new Phase IVA of the Landfill, located between and partially on top of Phases IIIA and IIIB.[10] Plaintiff claims that IESI's development of

---

[4] *Id.*

[5] *Id.* at ¶ 8.

[6] *Id.*

[7] *Id.* at ¶ 10.

[8] *Id.* at ¶ 9.

[9] *Id.* at ¶ 12.

[10] *Id.* at ¶ 13

2

Phase IVA interfered with its ongoing operations in Phase IIIB.[11] Further, Plaintiff asserts that Jefferson Parish forced it to relocate a haul road to facilitate IESI's development of Phase IVA.

Plaintiff claims that in March 2013, at Jefferson Parish's request, Waste Management agreed to end its Landfill operations by May 1, 2013, even though Phase IIIB had yet to be filled and closed.[12] According to the complaint, Plaintiff transitioned Landfill operations to IESI on April 30, 2013.[13] Following the transition, however, Plaintiff alleges that it continued to work on the installation of a final cap system, "consisting of soil and synthetic layers/liners," that would close Phase IIIB.[14] According to Plaintiff, its work on the final cap system was complicated by Jefferson Parish's failure to collect and control landfill gases.[15]

On August 21, 2013, Plaintiff delivered a "Notice of Termination" to Jefferson Parish, purporting to terminate the Landfill Time Contract, effective August 31, 2013.[16] Plaintiff claims that it terminated the contract due to Jefferson Parish's failure to pay certain invoices.[17] On August 31, 2013, Plaintiff ceased work on the Landfill; according to the complaint, the final cap system "was

---

[11] *Id.*

[12] *Id.* at ¶ 15.

[13] *Id.*

[14] *Id.*

[15] *Id.* at ¶¶ 23–24.

[16] *Id.* at ¶ 16.

[17] *Id.*

largely complete" at this time.[18] According to Plaintiff, it assigned the performance obligations of the final capping work to Jefferson Parish.[19]

### B. *Atlantic Marine*

On December 13, 2013, the Supreme Court issued its opinion in *Atlantic Marine Constr. Co., Inc v. U.S. Dist. Ct. for the W. Dist. of Tex*, addressing the analysis that lower courts should utilize in assessing motions to transfer venue under 28 U.S.C. § 1404 or motions to dismiss pursuant to the doctrine of *forum non conveniens*.[20] In *Atlantic Marine,* a payment dispute arose between a general contractor and subcontractor working on a construction project at Fort Hood in Texas.[21] The contract between the parties contained a forum selection clause, providing that all disputes between the parties "shall be litigated in the Circuit Court of the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk, Division."[22] When the plaintiff-subcontractor filed suit in the United States District Court for the Western District of Texas, the defendant-general contractor moved to dismiss the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or to transfer venue pursuant to 28 U.S.C. § 1406(a), which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

---

[18] *Id.*

[19] *Id.* at ¶ 17.

[20] *Atlantic Marine Constr. Co., Inc v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 575 (2013).

[21] *Id*.

[22] *Id.*

4

which it could have been brought."[23] The district court denied both motions, and the Fifth Circuit denied defendant's petition for a writ of mandamus.[24]

The Supreme Court reversed. It held that a forum selection clause does not render a different venue "wrong" or "improper" within the meaning of Rule 12(b)(3) or 28 U.S.C. § 1406;[25] rather, a forum-selection clause pointing to a particular federal district should be enforced through a motion to transfer under 28 U.S.C. § 1404.[26] The Court also explained that "the appropriate way to enforce a forum-selection clause pointing to state or foreign forum is through the doctrine of *forum non conveniens*."[27] According to *Atlantic Marine*, "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum."[28]

## B.  *The Court's September 5, 2014 Order*

In its September 5, 2014 Order denying Jefferson Parish's Motion to Dismiss, the Court found that there is no binding authority addressing whether the *forum non conveniens* framework set forth in *Atlantic Marine* applies where the parties agree to a permissive, rather than mandatory, forum selection clause.[29] The Court found that although *Atlantic Marine* never addressed the "permissive" versus "mandatory" distinction, district courts across the country have generally

---

[23] *Id.* at 576.

[24] *Id.*

[25] *Id.* at 577.

[26] *Id.* at 579.

[27] *Id.* at 580.

[28] *Id.*

[29] Rec. Doc. 30 at p. 27.

limited the *Atlantic Marine* framework to situations where the forum selection clause is mandatory.[30] At least one district court, however, has concluded that *Atlantic Marine* applies even if the forum selection is permissive.[31] The Court found the approach taken by the district courts that took into consideration whether the forum selection was mandatory or permissive to be persuasive, because the Fifth Circuit recognizes the distinction between mandatory and permissive forum selection clauses and provides guidance on how to interpret such clauses. The Court determined that the forum selection clause in the Landfill Time Contract is permissive, and therefore that the *Atlantic Marine* framework does not control.[32] Holding that the forum selection clause does not preclude Plaintiff from obtaining relief in federal court, the Court denied Jefferson Parish's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[33]

## II. Parties' Arguments

### A. *Jefferson Parish's Arguments in Support*

Jefferson Parish asks the Court to certify the September 5, 2014 Order for appeal based on this issue: "whether the *Atlantic Marine* framework governs the forum-selection clause contained in the Landfill Time Contract."[34] Jefferson Parish contends that the Court's September 5, 2014 Order concerns a controlling question of law because if the pending motion is granted and the Fifth Circuit

---

[30] *Id.* at p. 25 (citing *RELCO Locomotives, Inc. v. AllRail, Inc.*, —F. Supp. 2d—, 2014 WL 1047153, at *8 (S.D. Iowa Mar. 5, 2014); *United States ex rel. MDI Serv., LLC v. Fed. Ins. Co.*, No. 13-2355, 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014)).

[31] *Id.* at p. 27 (citing *United Am. Healthcare Corp. v. Back*s, —F. Supp. 2d—, No. 13-13570, 2014 WL 555194, at *7 (E.D. Mich. Feb. 12, 2014)).

[32] *Id.* at p. 29.

[33] *Id.* at p. 34.

[34] Rec. Doc. 35-1 at p. 5.

finds that the *Atlantic Marine* analysis applies regardless of whether a forum-selection clause is mandatory or permissive, then Plaintiff's case against Jefferson Parish will almost certainly be dismissed.[35] Jefferson Parish next argues that there is ground for substantial disagreement because at least two district courts have applied *Atlantic Marine* without regard to whether a forum-selection clause is found to be permissive or mandatory, while other district courts have concluded that *Atlantic Marine* applies only to mandatory forum-selection clauses.[36] Additionally, Jefferson Parish notes that the Court found, in its September 5, 2014 Order, that "[t]here is no binding authority addressing whether the *forum non conveniens* framework set forth in *Atlantic Marine* applies where the parties only agree to a permissive, rather than mandatory, forum selection clause."[37] Finally, Jefferson Parish contends that an immediate appeal will materially advance the ultimate termination of the litigation because if the Court of Appeal decides that the *Atlantic Marine* framework applies to the forum-selection clause herein, the case almost certainly will be subject to dismissal.[38]

## B.     *Plaintiff's Arguments in Opposition*

In opposition, Plaintiff contends that the Court properly found that *Atlantic Marine* "does not apply to the instant matter because the Landfill Time Contract did not identify the 24th Judicial District court as the exclusive forum for the litigation of disputes between the parties."[39] According to Plaintiff, "*Atlantic Marine* is clear: it did not address permissive forum selection clauses and therefore it is not

---

[35] *Id.*

[36] *Id.* at pp. 5–6 (citations omitted).

[37] *Id.* at pp. 6–7 (citing Rec. Doc. 30 at p. 27).

[38] *Id.* at p. 7.

[39] Rec. Doc. 36 at p. 5.

7

applicable to the present case."[40] Plaintiff additionally argues that there is no controlling contrary authority that demands that the *Atlantic Marine* framework applies to permissive forum selection clauses, and therefore the Court's September 5, 2014 ruling does not involve a substantial difference of opinion.[41] Finally, Plaintiffs contend that immediate appeal will not materially advance the ultimate termination of this litigation because even if the Fifth Circuit found that the 24th Judicial District Court is the proper forum and dismisses this case, "[t]his exact case, with the same parties and legal issues, would be re-filed in a different forum."[42]

### III. Law and Analysis

This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b).[43] Pursuant to § 1292(b), this Court may certify an order for appeal where: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation.[44] The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual role of not permitting an appeal until all the proceedings on the trial court level are complete."[45] An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[46]

---

[40] *Id.*

[41] *Id.* at p. 6.

[42] *Id.* at p. 8.

[43] *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

[44] 28 U.S.C. § 1292(b).

[45] 10 Charles Alan Wright et al., Fed. Prac. & Proc. § 2658.2 (3d ed.).

[46] *Clark-Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

Here, the Court finds that its Order denying Jefferson Parish's Motion to Dismiss[47] involves a controlling question of law; namely, whether the *Atlantic Marine* framework governs a permissive forum-selection clause. Similarly, the Court finds that a substantial ground for difference of opinion concerning the ruling exists because, as the Court noted in its September 5, 2014 Order, there is no binding authority addressing whether the *forum non conveniens* framework set forth in *Atlantic Marine* applies to permissive, rather than mandatory, forum selection clauses. Finally, the Court agrees with Jefferson Parish that an immediate appeal would materially advance the litigation by eliminating the possibility of a meaningless trial. Accordingly, the Court certifies its Order for immediate appeal pursuant to 28 U.S.C. § 1292(b). The Court also finds that a stay of the proceedings against Jefferson Parish pending the appeal is appropriate.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Jefferson Parish's "Motion for Certification and Motion for Stay Pursuant to 28 U.S.C. § 1292(b)"[48] is **GRANTED**.

**IT IS FURTHER ORDERED** that all proceedings against Jefferson Parish be **STAYED** during the pendency of this appeal and until further ordered by the Court.

**NEW ORLEANS, LOUISIANA**, this 22nd day of October, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] Rec. Doc. 35.

[48] *Id.*